The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion concerning Arkansas Tech University's current retirement policy for its tenured faculty. You have set out the policy as follows:
 Arkansas Tech University complies with the Age Discrimination in Employment Act of 1967 and with the Age Discrimination in Employment Amendments of 1986. Retirement will be mandatory on June 30 of the year following attainment of age 70 for faculty employed under a contract providing for unlimited tenure and who attain age 70 prior to December 31, 1993. Exceptions to mandatory retirement will be made only on the recommendation of the President of the University and approval of the Board of Trustees. Exceptions would relate to unusually outstanding service, qualifications not easily replaced, and/or other considerations of benefit to the University. (Faculty Handbook, page 20.)
You have asked the following specific questions:
 1. Is the present Arkansas Tech University retirement policy in conflict with federal legislation?
 2. If the present policy is in conflict with federal legislation, what alternatives does ATU have in developing a retirement policy which would be effective after December 31, 1993?
 3. Could ATU adopt a retirement policy which would offer a bonus for retirement after a particular age? If so, could this be established by the Board of Trustees or would legislation be required?
It is my opinion that the answer to your first question is "yes." The policy is contrary to the federal Age Discrimination in Employment Act ("ADEA") because it makes retirement mandatory, based on age, after December 31, 1993. As you have noted, the ADEA makes it unlawful to require or permit involuntary retirement of any individual because of age.29 U.S.C.A. § 623(f)(2) (Supp. 1993). Higher education was given special treatment in a 1986 amendment in that the ADEA's protection did not extend to tenured faculty over the age of seventy. Pub.L. No. 99-592, sec. 6(a), codified as 29 U.S.C.A. § 631(d) (Supp. 1993). But this special treatment or exemption for tenured faculty is to phase out on December 31, 1993. Section 6(b) of Pub.L. 99-592 provided that: "The amendment made by subsection (a) of this section is repealed December 31, 1993." It has thus been observed that "[after December 31, 1993], faculty cannot be forced to retire even after their seventieth birthdays." Swan, "Early Retirement Incentives With Upper Age Limits Under the Older Workers Benefits Protection Act," 19 J.C. U.L. 54 n. 8 (1992).
Thus, a policy that makes retirement mandatory before December 31, 1993, for those who have attained age seventy would be consistent with the ADEA. The policy in question, however, requires retirement after December 31, 1993. But, as noted, the exception is repealed after that date. It must be concluded that a policy requiring retirement after December 31, 1993, is unlawful, notwithstanding the fact that the targeted individuals reach age seventy before that date.
With regard to your second question, I cannot undertake a listing of the alternatives in the limited format of an opinion. This is a matter properly addressed to the University's regular legal counsel, for analysis based upon the University's particular circumstances. The ADEA authorizes "bona fide employee benefit plan[s]" as follows:
 where, for each benefit or benefit package, the actual amount of payment made or cost incurred on behalf of an older worker is no less than that made or incurred on behalf of a younger worker as permissible under [29 C.F.R. 1625.10]; or
 that is a voluntary early retirement incentive plan consistent with the relevant purpose or purposes of this chapter.
29 U.S.C.A. § 623(f)(2)(B)(i) and (ii) (Supp. 1993).
This subsection goes on to state in relevant part:
 Notwithstanding clause (i) or (ii) of subparagraph (B), no such employee benefit plan or voluntary early retirement incentive plan . . . shall require or permit involuntary retirement of any individual specified by section 631(a) of this title, because of the age of such individual. An employer . . . [acting under (B)(ii)] shall have the burden of proving that such actions are lawful in any civil enforcement proceeding brought under this chapter.
Regarding eligibility ages, § 623(l)(1)(A) states:
 Notwithstanding clause (i) or (ii) of subsection (f)(2)(B) of this section —
 (1) It shall not be a violation of subsection (a), (b), (c), or (e) of this section solely because —
 (A) an employee pension benefit plan [as defined in 29 U.S.C.A. § 1002(2), i.e., EIRSA] provides for the attainment of a minimum age as a condition of eligibility for normal or early retirement benefits. . . .
With regard to this latter provision, one legal commentator has stated:
 Under [§ 623(l)(1)(A)], employers do not have to offer ERIPs [Early Retirement Incentive Plans] to every employee age forty or older. In addition, it immunizes any minimum-age requirement from being, by itself, a violation. However, Congress did not extend the explicit immunity to upper age limitations. [Emphasis original.] Thus, employers must still make a `consistency' showing to defend such plans from challenges by employees who are above the age cap, though they retain the right to retire with a pension.
Swan, "Early Retirement Incentives," supra at 59.
For a more detailed analysis of these provisions, and other incentive structures, with a particular eye toward incentives used in so-called "age-bracketed" early retirement incentive plans, see Swan, "Early Retirement Incentive," supra. Seealso generally 91 A.L.R. Fed 296 (1989) for a review of cases involving pension plans designed to induce early retirement.
In response to your third question concerning a bonus for retirement, it is my opinion that authority for action by the Board of Trustees in this regard may be found in A.C.A. §24-7-101 (Repl. 1992), which states:
 (a) In order to effect a net savings in personnel costs paid by colleges and universities, the presidents and chancellors of the various publicly supported colleges and universities may, upon the approval of their respective boards of trustees, negotiate with tenured faculty members of their institutions so that, in order to secure the faculty members' early retirement, special allowances may be paid to them or into retirement plans for their benefit.
 (b) The board of trustees of each institution is authorized to pay such allowances as the board may approve from any appropriation provided for regular salaries for the benefit of its institution and from any source of funds available to its institution.
 (c) The amount of all such allowances for any institution shall not exceed, in the aggregate during any fiscal year, an amount equal to one percent (1%) of the aggregate paid for personnel costs during the preceding fiscal year for the institution.
 (d) The board of trustees of each institution shall report the exact disposition of the special allowances to the Legislative Joint Auditing Committee each year.
Assuming compliance with the ADEA, I believe that a bonus for retirement could be implemented as a "special allowance" under §24-7-101. The requirements of this Code section would, of course, apply, including the one percent (1%) limitation relating to preceding year personnel costs.[1]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Because your questions appear to focus on tenured faculty, I have assumed that A.C.A. § 24-7-101 is the relevant authority. It should perhaps be noted in this regard that my research has disclosed no corresponding authority governing employees of the University who are enrolled in either the Arkansas Public Employee Retirement System ("APERS") or the Arkansas Teacher Retirement System ("ATRS"). With respect to any such employees, I believe that the current Arkansas Code provisions authorizing early retirement will control. See A.C.A. §§ 24-3-216 and24-4-732 (Repl. 1992) (applicable to certain members of APERS) and § 24-7-702 (Supp. 1993) (members of ATRS).